FARMERS STATE BANK, Appellant, v. ORA LONG et al., Appellees.

**BILLS AND NOTES:** Payment and Discharge—Special Agent—
1 Authority to Receive Payment. Authority in one to collect the amount due on particular promissory notes as the holder might forward them for that purpose, does not embrace authority to collect the amount due on notes not forwarded by such holder.

PRINCIPLE APPLIED: One Ralston, doing business as a private banker, was the payee of a note. Prior to maturity, Ralston sold the note. The maker, not knowing of the transfer, paid Ralston the amount due on the note. Ralston's authority to receive payment rested on the fact that he was selling various notes to the same party to whom the note in question had been transferred, and when a maker would call at his bank and want to make payment, Ralston would notify the party to whom he (Ralston) had sold it, of such fact, and thereupon said holder would send the note to Ralston for collection, having first charged Ralston's account with the amount of the note. Said holder knew nothing of the payment to Ralston of the note in question. When he did learn such fact, he did not ratify the payment. *Held*, Ralston had no authority to receive payment.

**BILLS AND NOTES:** Payment and Discharge—Unauthorized Pay-
2 ment—Waiver—Ratification. The holder of a note *who has never ratified* the payment of the note by the maker to one wholly without authority to receive payment, manifestly does not waive his claim against said maker by waiving all claims which he (the said holder) may have against the one so receiving payment without authority.

*Appeal from Mills District Court.*—J. B. ROCKAFELLOW, Judge.

DECEMBER 18, 1917.

ACTION for balance alleged to be owing on a promissory note. Pleas of payment and estoppel were interposed, and the cause transferred to the equity side of the calendar.

On hearing, the petition was dismissed. The plaintiff appeals.—*Reversed.*

*Cook, Cook & Cook,* for appellant.

*H. M. Logan* and *W. S. Lewis,* for appellees.

LADD, J.—I. The defendants executed

1. BILLS AND
NOTES : pay-
ment and dis-
charge : spe-
cial agent :
authority to
receive pay-
ment.

their promissory note of $800 to the Citizens Bank of Strahan, on February 11, 1914, payable January 1st following. On January 9, 1915, $613.50 was paid thereon, and $91.94, March 25th following. These payments satisfied the debt evidenced by the note, if a payment of $150 on September 25, 1914, to the payee should be applied thereon, or may not be asserted by plaintiff. It appears that E. H. Ralston was doing business in the name of the Citizens Bank of Strahan as a private bank, and that, on the 3d day of April, 1914, he sold the note to the plaintiff, and was credited by it on account the face value of the note, and such amount was checked out subsequently. When defendant Ora Long paid the $150 to Ralston, the letter remarked, "I will just give you a slip showing this is to be credited on your note," and handed Long the following receipt:

"Deposited with the Citizens Bank of Strahan, Iowa, by Ora Long, currency $150 to credit on note of $900. E. H. Ralston, Pr."

The description of the note as of "$900" doubtless was a mistake, as the $800 note was the only one, other than a note of $25 of his, then held by the bank. Instead of remitting to plaintiff, Ralston entered the $150 in the bank's books as a deposit by Long as of September 29, 1914. As the note was negotiable, and acquired for value long before maturity, a subsequent payment thereon must have been made to plaintiff or someone authorized by it, or, if re-

ceived without such authority, this act must have been rati-
fied. No evidence of ratification was adduced, nor of au-
thority on the part of Ralston to receive, save that "when
he would write for a note and state the maker wanted to
pay it," the plaintiff "would charge his account with it and
send it to him and received payment on it." This was in
accordance with plaintiff's custom, and, of course, merely
conferred special authority as to the particular note for-
warded, and did not authorize him to receive moneys for the
plaintiff generally, or on notes other than the particular
notes forwarded. Plaintiff knew nothing of the alleged pay-
ment until November following, when informed by the re-
ceiver, who had been appointed in October previous, to wind
up the affairs of the Citizens Bank of Strahan; and, as
Ralston acted without its authority, the plea of payment
is without support in the evidence.

2. BILLS AND
NOTES: pay-
ment and dis-
charge: un-
authorized
payment:
waiver: rati-
fication.

II. Before migrating, Ralston trans-
ferred his bank building and other property
to the plaintiff, but, upon the return of an
indictment accusing him of having know-
ingly received deposits when insolvent, re-
turned, as we understand it, voluntarily; and an amicable
adjustment of his affairs was made, in pursuance of the
following stipulation:

"We, the undersigned, being creditors of the Citizens
Bank of Strahan, Iowa, do hereby agree with and author-
ize C. B. Christy, the receiver of said bank, to make the fol-
lowing settlements with E. H. Ralston: That whereas it has
been offered to the said receiver that the said Ralston will
compromise and settle in full the claim of the Farmers
State Bank of Conception Junction, Mo., and that said
bank will then release all claims to the assets of said Rals-
ton, and that all the said assets shall then be made subject
to the payment of all the liabilities of said Citizens Bank
of Strahan, Iowa, other than and excepting the said claim

of the Farmers State Bank of Conception Junction, Mo., and that said assets will be converted into cash and shall be applied pro rata to the payment of all of said remaining claims against the Citizens Bank. It is further understood and agreed that said payment and distribution shall be in full settlement of all of said claims; and it is further understood and agreed that the said assets, consisting of all moneys or credits of said bank now in the hands of said receiver, and also the bank building with its furniture and fixtures, and the residence property of the said E. H. Ralston situated in the town of Strahan, Iowa, and also the undivided one-half interest in certain lots in Ralston & Shurrer's Addition to the Town of Strahan, Iowa, which the said E. H. Ralston now owns."

(Signed by about 30 of the creditors.)

The plaintiff conveyed to the receiver the property transferred to it as stated, and the settlement of the estate has proceeded far enough to distribute a dividend of 40% on the claims of local creditors, and the indictment has been dismissed, the record of such dismissal reciting that the claims against the bank were about $14,000, of which claims approximately $8,000 worth "are made by certain persons in Missouri, as officers of a bank in which defendant was previously interested; that a settlement of said matters has been effected whereby the said Missouri claimants waive any and all claims against the assets and property of the Citizens Bank of Strahan, Iowa, upon the condition only that the above indictment be dismissed. Under the terms above stated, the entire assets of said property are made available to the other creditors of said bank, who are residents of Mills County, Iowa, and elsewhere, and by reason thereof, and for the further reason that doubts exist as to the sufficiency of the evidence in all particulars upon which to secure a conviction under the indictment, the said

county attorney has filed in said cause a dismissal of said indictment."

All that can be inferred from the stipulation or recital in the dismissal is: (1) That plaintiff was not to assert any claims against the assets of the private bank operated by Ralston; (2) that all its assets should be made available, reduced to cash by the receiver, and distributed to local creditors; (3) that the dividends should be in full satisfaction of all claims; and (4) that the prosecution should terminate. Not even an intimation is to be found that plaintiff undertook to waive any claims against the creditors of Ralston, individually or collectively. What any of these may have owed the plaintiff was not the subject of negotiation. Neither Ralston nor his private bank owed plaintiff anything on account of his having received the $150 from Long; for it had not confirmed what he may have done in any way, and, as he acted without authority from the holder of the note, the latter was not concerned in what was done. Ralston did not, by appropriating the money, become indebted to plaintiff. His obligation was solely to the defendants. That plaintiff subsequently learned of the payment's having been made did not alter the situation; for the most that can be said is that it was optional with plaintiff whether it would ratify Ralston's act in receiving payment ostensibly for it, or treat the indebtedness evidenced by the note as solely that of the defendants. It chose the latter course, as was its right, and might not, if it would, assert its claim against the assets of his private bank, in the hands of the receiver, even had it not entered into the stipulation. To enforce payment by defendants was its right, and doing so is neither violative of the letter or spirit of the terms of settlement. At that time, defendant Ora Long had a legitimate claim against the assets of the private bank of Ralston for the $150 paid to Ralston and appropriated by him, and, in so far as ap-

pears, nothing has since happened to impair its validity. The district court erred in holding otherwise, and the judg-. ment is—*Reversed.*

GAYNOR, C. J., EVANS and SALINGER, JJ., concur.